946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest Owen SUMMITT, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 91-5734.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1991.
 
 1
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Ernest Owen Summitt, a pro se Kentucky prisoner, appeals the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Additionally, Summitt requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Summitt is presently confined at the Kentucky State Reformatory in LaGrange, Kentucky. He was convicted of various felonies in Jefferson and Fayette Counties beginning in 1969, and has been paroled on more than one occasion. He is currently serving a life sentence.
 
 
 4
 In his habeas petition, Summitt alleged that he was denied due process by reason of various irregularities in proceedings before the Kentucky Parole Board. A magistrate judge recommended that the petition be dismissed with prejudice, because Summitt did not have a constitutionally protected liberty interest in parole.
 
 
 5
 In his objections to the magistrate's recommendations, Summitt conceded that "he [was] not contesting the granting or rescinding of parole in this action." Summitt argued, however, that a series of due process violations in three separate parole revocation proceedings related to previous convictions had the effect of stripping the Kentucky Department of Corrections of jurisdiction to confine him on his life sentence.
 
 
 6
 The district court denied the habeas petition because Summitt's claims did not directly concern the judgment for which he is currently in custody. The court noted that Summitt failed to cite "any binding authority for his theory of derivative loss of jurisdiction, which would link the alleged due process violations to his present confinement."
 
 
 7
 Upon consideration, we conclude that the petition for habeas corpus relief was properly denied for the reasons stated by the district court.
 
 
 8
 Accordingly, the request for counsel is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation